UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REGINALD GHAFFAR McFADDEN,

                    Plaintiff,

-against-

GOV. ANDREW M. CUOMO, NYS GOV.; MD JOHN MORLEY, DC-DOCCS; ANTHONY J. ANNUCCI, JR., AC-DOCCS; APRILANNE AGOSTINO, CK-SGAD3d; ROBERT F. VAN DER WANG, CTY. AT. NC; JUDITH R. STERMBERG, ADA-NCDA; CHRISTINA McDONALD, PC-NCPD; CARRIE A. CIGNEK, AAD-RCDA,

                    Defendants.

21-CV-0782 (CM)

ORDER OF DISMISSAL UNDER
28 U.S.C. § 1915(g)

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff, currently incarcerated in Attica Correctional Facility, brings this action *pro se*. Plaintiff also requests to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). Plaintiff is barred, however, from filing any new action IFP while a prisoner. *See McFadden v. Fischer*, No. 13-CV-559 (HKS) (W.D.N.Y. July 1, 2013) (collecting cases holding that McFadden is barred); *see also McFadden v. Wilhelm*, No. 03-CV-8341 (AKH) (S.D.N.Y. June 24, 2006) (holding that due to McFadden's repeated filing of frivolous lawsuits, he is "barred from filing any further Section 1983 cases in this Court without prior leave from this Court"). Those orders relied on 28 U.S.C. § 1915(g), which provides that:

> In no event shall a prisoner bring a civil action [IFP] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Although Plaintiff has filed this new action seeking IFP status, his complaint does not show that Plaintiff is in imminent danger of serious physical injury.[1] Instead, Plaintiff brings this complaint regarding his 1995 conviction and subsequent challenges to that conviction. In this new action, Plaintiff alleges prosecutorial misconduct and he seeks a new trial. Plaintiff is therefore barred from filing this action IFP.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket. The Court denies Plaintiff's request to proceed IFP, and the complaint is dismissed without prejudice under the PLRA's "three-strikes" rule. *See* 28 U.S.C. § 1915(g).[2] Plaintiff remains barred from filing any future action IFP while in custody, unless he is under imminent threat of serious physical injury.[3] *Id.*

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf.*

---

[1] An imminent danger is one "existing at the time the complaint is filed." *Malik v. McGinnis*, 293 F.3d 559, 563 (2d Cir. 2002). A danger "that has dissipated by the time a complaint is filed" is not sufficient. *Pettus v. Morgenthau*, 554 F.3d 293, 296 (2d Cir. 2009).

[2] Plaintiff may commence a new action by paying the filing fees. If Plaintiff does so, that complaint will be reviewed under 28 U.S.C. § 1915A, which requires the Court to dismiss *any* civil rights complaint from a prisoner if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

[3] The Court may bar any vexatious litigant (including a nonprisoner) from filing future actions (even if the filing fees are paid) without first obtaining leave from the Court. *See In re Martin-Trigona*, 9 F.3d 226, 227-30 (2d Cir. 1993) (discussing sanctions courts may impose on vexatious litigants, including "leave of court" requirement).

*Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated: February 1, 2021
       New York, New York

                                            COLLEEN McMAHON
                                      Chief United States District Judge